UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X        Chapter 11
In re:

TIMOTHY HILL CHILDREN'S RANCH, INC.            Case No.:   23-73821

                        Debtor.
----------------------------------------------------------------X

# ORDER CONFIRMING DEBTOR'S
# AMENDED PLAN OF REORGANIZATION

TIMOTHY HILL CHILDREN'S RANCH, INC., the debtor and debtor in possession herein (the "Debtor"), having filed the Debtor's Amended Disclosure Statement, dated May 23, 2024 [Dkt No. 87] (the "Disclosure Statement") and Debtor's Amended Plan of Reorganization, dated May 23, 2024 [Dkt. No. 88] (the "Plan")1; and this Court having entered an Order, on May 24, 2024 [Dkt. No. 91] (the "Scheduling Order"), among other things, (a) approving the Amended Disclosure Statement, (b) scheduling a hearing for confirmation of the Plan, and (c) setting deadlines for objections and balloting to the Plan; and pursuant to the Scheduling Order, July 11, 2024 at 10:00 a.m. was set as the date and time, pursuant to Section 1129 of the Bankruptcy Code, for the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and, as established by the affidavits of service and mailing filed with this Court, the solicitation of acceptances from holders of claims entitled to vote on the Plan having been made within the time and in the manner required by the Scheduling Order; and due notice of the Plan, the Disclosure Statement and the Confirmation Hearing having been given in accordance with the Scheduling Order, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and such notice being sufficient under the circumstances and no further

---

[1] Debtor refiled the Plan on July 18, 2024 [Dkt. No. 99] following entry of an order [Dkt. No. 98] restricting access to the version filed on May 23, 2024, which mistakenly included unrelated an attachment.

notice being required; and, as set forth in the Ballot Certification filed with the Court on July 2, 2024 [Dkt. No. 93] (the "Vote Certification"), ballots for the acceptance or rejection of the Plan having been received, tabulated and certified by the Debtor by its counsel, Berger, Fischoff, Shumer, Wexler & Goodman, LLP; and it having been certified in the Vote Certification that the Debtor received the requisite acceptances both in number and amount from Class 4 and 7; and there being no formal or informal objection to the Plan by any Class entitled to vote, and this Court having considered all evidence admitted at the Confirmation Hearing; including the Affidavit in Support of Confirmation dated July 2, 2024 [Dkt. No. 94] and based upon all pleadings and papers filed in the Debtor's Chapter 11 case, including the Vote Certification, the record of the hearing on adequacy of the Amended Disclosure Statement, and all proceedings heretofore held in this Chapter 11 case; and it appearing to this Court that (a) notice of the Confirmation Hearing and the opportunity of any party in interest to object to Confirmation of the Plan were adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby, and the following parties having appeared at the hearing: Berger, Fischoff, Shumer, Wexler & Goodman, LLP for the Debtor (Heath S. Berger, Esq. appearing), Thaddaeus Hill, the Debtor's Executive Director, Office of the United States Trustee (by Stan Yang, Esq.), Courtney Roman, Esq. on behalf of the Obudsman, Theresa Driscoll, Esq. on behalf of Dime Bank and Regina Calcaterra, Esq. on behalf of Joseph Barci, John J. Grubitosi and Andres Alexander Ramons; and (b) the legal and factual basis presented at the Confirmation Hearing establish just cause for the relief granted herein; and upon the record of the Confirmation Hearing, and after due deliberation and sufficient cause appearing therefor and a review of the entire record, including the Amended Plan and the Amended Disclosure Statement, this Court makes the following findings of fact, pursuant to Bankruptcy Rule 7052(a):

(i) This Court takes judicial notice of the docket of the Debtor's Chapter 11 case maintained by the Clerk of this Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the various hearings held before this Court during the pendency of the Chapter 11 cases (including the Confirmation Hearing).

(ii) the Plan complies with the applicable provisions of 1129(a)(1) of the Bankruptcy Code;

(iii) the Debtor as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code;

(iv) the Plan has been proposed in good faith and not by any means forbidden by law;

(v) due, sufficient and adequate notice of the Plan, the Confirmation Hearing, and all deadlines for voting on and filing objections to the Plan have been given to all known holders of claims or interests in accordance with the procedures established by the Scheduling Order;

(vi) the solicitation by the Debtor of votes for the acceptance or rejection of the Plan was conducted in good faith and complies with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rule 3017 and Bankruptcy Rule 3018, the procedures established by the Scheduling Order and all other applicable provisions of the Bankruptcy Code and all other applicable laws, rules and regulations;

(vii) the procedure by which the ballots: (a) were distributed to holders of certain claims and interests against the Debtor; and, (b) were tabulated, were fair, properly conducted and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Bankruptcy Court and all other applicable laws, rules and regulations;

    (viii)    each holder of an allowed Claim or equity interest in an impaired Class has duly and timely accepted the Plan or will receive or retain under the Plan on account of such Claim or equity interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code;

    (ix)    the Plan provides for treatment of Administrative Claims, priority claims and all other Claims entitled to priority pursuant to section 507(a) of the Bankruptcy Code in the manner required pursuant to sections 1129(a)(9)(A), (B) and (C), as applicable;

    (x)    at least one class of Claims is impaired under the Plan (specifically, Class 4 and 7 are impaired), and at least one Class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider (specifically, Class 4 and 7), and the Plan is fair and equitable to all creditors and equity holders;

    (xi)    confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor;

    (xii)    all fees payable to the Office of the United States Trustee under 28 U.S.C. §1930 have been or will be paid prior to the Effective Date (as defined in the Plan);

    (xiii)    all applicable requirements of Section 1129(a) of the Bankruptcy Code, have been met; and

    (xiv)    The Plan is dated and identifies the proponent, thereby complying with all requirements of Bankruptcy Rule 3016.

**NOW,** on motion of the Debtor, by its counsel, Berger, Fischoff, Shumer, Wexler & Goodman, LLP, it is hereby

**ORDERED THAT:**

1.      The findings of this Court as set forth above shall constitute findings of fact pursuant to Bankruptcy Rule 7052, which are applicable to this proceeding pursuant to Bankruptcy Rule 9014.

2.      The Amended Plan, which is annexed hereto as Exhibit A, is hereby confirmed pursuant to Section 1129 of the Bankruptcy Code, provided that with respect to any conflict between the Plan and this Order, this Order shall govern.

3.      The allowed fees and expenses of Berger, Fischoff, Shumer, Wexler & Goodman, LLP, the retained attorneys for the Debtor and any other professional, from the date of commencement of this case through the date of entry of this Order, shall be fixed pursuant to a separate order of the Bankruptcy Court upon application, notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code.

4.      In accordance with the relevant provisions of the Plan and the priority and distribution required pursuant to Section 507 of the Bankruptcy Code, the Reorganized Debtor shall disburse, issue and distribute or cause to disburse, issue and distribute monies to the holders of allowed claims in accordance with the provision of the Amended Plan in the Debtor's Chapter 11 Case.

5.      As set forth in the Amended Plan the Debtor is discharged and/or deemed released from any and all debts which arose before the date of confirmation of the Plan, except as to the payments required under the Plan, and any and all debts of a kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a proof of claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) such claim is allowed under Section 502 of the Bankruptcy Code; (c) such claim is listed on the Debtor's

schedules and lists heretofore filed herein; (d) the holder of such claim has, or has been deemed to have accepted the Plan.

6. Except as provided in the Amended Plan and in this Order, all creditors and interest holders of the Debtor, whose debts or interests were discharged or diluted by the Plan and this Order, are jointly and severally restrained and enjoined from instituting or continuing any action in any court or employing any process to collect such debts or recover such interests from the Debtor.

7. All entities or individuals which were parties to adversary proceedings and/or contested matters pending before this Court, which proceedings are not finally determined as of the date hereof, are restrained and enjoined from commencing any other proceedings or taking any other actions against the Debtor with respect to any issue raised in such adversary proceeding and/or contested matter, except upon further order of this Court.

8. Except as otherwise provided in the Plan, all property, assets and effects of the Debtor are free and clear of all liens, claims and encumbrances of creditors, and subject in all respects to the terms of the Amended Plan and this Order.

9. All existing contracts or interests in unexpired leases of the Debtor in effect prior to the filing of the Debtor's Chapter 11 case and not either (a) heretofore expressly rejected by order entered by the Court, or (b) the subject of proceedings to reject or disaffirm commenced

prior to the entry of the within Order, are hereby deemed to have been assumed by the Debtor on the Effective Date in accordance with Section 365 of the Bankruptcy Code.

10. The Amended Plan and its provisions shall be binding upon the Debtor and any entity acquiring property under the Plan or any entity to which property is tendered under the Plan, whether or not the claim of or interest of the creditor or equity security holder is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Amended Plan.

11. The Debtor is hereby authorized to take all actions and expend such sums as are reasonably necessary to implement and effectuate the Amended Plan.

12. The Debtor is hereby authorized to remove the "DIP" designation from its financial accounts.

13. This Court hereby retains jurisdiction for such purposes as may be necessary to aid the confirmation, consummation and implementation of the Plan and for the following additional purposes:

>    A. to determine the allowance of Claims (as defined in the Plan);
>
>    B. to hear and determine any adversary proceedings to be commenced to recover preferential payments, provided such proceedings are commenced with the time limits set forth in the Plan;
>
>    C. to determine any and all pending applications for the rejection or assumption of executory contracts or unexpired leases to which either of the Debtor is a party or with respect to which it may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

      D.    to consider any modifications of the Plan, any defect or omission "or reconcile any inconsistency in any order of the Court, including this Order, to the extent authorized by the Bankruptcy Code or other applicable law;

      E.    to consider the applications of professionals previously retained pursuant to Court order for compensation and expense reimbursement.

      F.    to determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan, including disputes between or among classes of claimants under the Plan regarding allocations or payments of distributions hereunder;

      G.    to determine such other matters which as may be set forth in this Order or which may arise in connection with the Plan, including, but not limited to, extending deadlines and time limits provided in the Plan; and

      H.    to enter a final decree, pursuant to Section 350(b) of the Bankruptcy Code.

14. The outstanding fees owed by the Debtor to the United States Trustee, if any, pursuant to 28 U.S.C. § 1930(a)(6) as of the Confirmation Hearing, and any applicable interest thereon shall be satisfied on the Effective Date of the Plan. The Debtor shall pay to the Office of the United States Trustee any quarterly fees due pursuant to 28 U.S.C. § 1930(a)(6) and any applicable interest thereon until this chapter 11 case is closed by means of a final decree, or until the date of the dismissal or conversion of this case, whichever happens earlier.

15. The Debtor shall schedule quarterly post-confirmation status conferences until the entry of a final decree or until the case is converted or dismissed.

16. Within fourteen (14) days after the estate is fully administered, the Debtor shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

17. In accordance with Section 1142 of the Bankruptcy Code, the Debtor, the Reorganized Debtor and all parties in interest are hereby authorized, empowered and directed forthwith to take any and all actions, and to execute any and all documents, necessary to

implement the provisions of the Amended Plan, and to execute, deliver and file (as appropriate) all documents and take all actions provided in or contemplated by any of the same to accomplish the intent of the same. All such actions taken or caused to be taken shall be deemed to have been authorized and approved by this Court and shall be deemed effective pursuant to applicable law and without the need for any required approvals, authorizations or consents. Each of such documents and agreements will, upon execution, be valid, binding and enforceable against the Debtor, the Reorganized Debtor and any other person who is a party thereto, and are entered into for good and valuable consideration, including the benefits of the Amended Plan, and any or all of such documents and agreements shall be accepted by each of the respective state filing offices.

18. The Debtor shall each complete a report of the financial condition and status of operations for each quarter using the UST Form 11-PCR (the "PCR"). The PCR must be filed with the Court using the ECF system with a copy provided to the United States Trustee, no later than the 20th day of the month immediately following the calendar quarter covered by the PCR. The PCR shall be filed for every calendar quarter until the date of a final decree, conversation of the case to a case under another chapter, or the dismissal of the case.

19. The Effective Date of this plan is the first business day following the date that is 14 days after entry of this Confirmation Order.



Dated: July 19, 2024
Central Islip, New York

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**